12613

STATE v. KEMMERLIN

(147 S. E., 314)

*Messrs. Brantley & Zeigler,* for appellant, 

*Mr. N. R. Smith, County Solicitor,* for respondent, 

March 13, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The defendant, W. W. Kemmerlin, was indicted in the County Court of Orangeburg County under an indictment containing three counts, selling, storing, and having in possession certain alcoholic liquors, to wit, Jamaica ginger. The case was tried before the county Judge, Hon. B. H. Moss, and a jury, September 29, 1927, resulting in a verdict of guilty on the first count, selling Jamaica ginger as a beverage. From the verdict rendered and the sentence imposed by the Court, the defendant has appealed to this Court, imputing error to his Honor, Judge Moss, in the particulars set forth under the exceptions, to which we shall hereinafter advert.

As stated by appellant, the exceptions raise two questions, and the first question we shall consider is, adopting the language of the appellant: "Whether the County Judge erred in refusing the motion of the defendant to direct a verdict of not guilty, upon the ground that there was no evidence to show that the defendant knew that the person who bought this Jamaica ginger from him intended to use it as a beverage."

By reference to the testimony disclosed by the transcript of record, it clearly appears that appellant's position is not well taken. The testimony tended to show that the defendant, at the time of committing the alleged offense, was operating a store just outside the city limits of the City of Orangeburg, on what is known as the Belville Road; and on Sunday, August 28, 1927, four rural policemen, Mr. Dukes, Mr. Bryant, Mr. Reid, and Mr. Gleaton, went to defendant's said place of business with a search warrant for the purpose of making a search for alcoholic liquors. The rural policemen found at defendant's store the defendant and one Robert Derrick, and "some other fellows," whose names were not given. Mr. Derrick ran into the store, where he was searched, and three bottles of Jamaica ginger found on him, and Mr. Kemmerlin, the defendant, admitted at the time in question having sold the Jamaica ginger to Mr. Derrick, and Mr. Derrick stated, apparently in the presence of the defendant, that he had purchased from the defendant four bottles of this liquid, had drunk one, and the officers found the other three bottles on Mr. Derrick; they saw an empty bottle near by, and, in addition, found three cases of the liquid in question in the store of the defendant. The labels on the bottles showed that the contents contained alcohol. The officers also observed some Jamaica ginger in a Coca-Cola bottle on the refrigerator in the store. There was testimony, also, that this liquid if drunk to excess would make one drunk; that it was said to contain 85 per cent. alcohol. There was testimony by one of the officers that he knew Mr. Derrick, the person to whom the defendant sold the Jamaica ginger, was a drinking man. Mr. Derrick testified that he paid the defendant $2 for the four bottles of the Jamaica he purchased from the defendant on the occasion in question; that he bought the same to drink; that he at the time bought from a clerk of the defendant in said store of the defendant a bottle of Coca-Cola to put in the Jamaica ginger so he could drink it; that he had bought Jamaica ginger from the defendant a number of times before

the occasion in question, and had purchased it to take the place of whisky; that he had always bought it as a beverage. Derrick further testified that Jamaica ginger would make one drunk; that he had been drunk on it. The witness Derrick also testified that the defendant talked with him between the time in question and the time of the trial, and that the defendant told the witness to testify that he purchased the Jamaica ginger for ordinary purposes.

In our opinion, this testimony warranted a conviction for selling Jamaica ginger as a beverage, and furnished clear proof that the liquid sold by the defendant, if drunk to excess, would produce intoxication. There could hardly be a doubt that Derrick, the person to whom the liquid was sold, bought it to be used as a beverage, and the fact that he was known to be a drinking man, had made like purchases from the defendant on a number of occasions before the time in question, and on this particular occasion bought as much as four bottles, was enough to convince the defendant and any sensible man that he wanted it for the purpose of using it as a beverage and not for medicinal purposes or any ordinary use. According to our view of the testimony, his Honor, Judge Moss, committed no error in overruling defendant's motion for a direction of a verdict.

The other question raised by the exception is, quoting the language of the appellant: "Whether or not the County Judge erred in refusing to charge the jury that there was no evidence of storing Jamaica ginger as a beverage." It is the contention of the appellant that the defendant was entitled to have this request charged and that he was prejudiced by the Judge's refusal, even though the jury by their verdict cleared the defendant of storing Jamaica ginger as a beverage. In the first place, according to our view of the case, there was ample testimony to warrant the Judge in submitting that issue to the jury, and, in the second place, the jury having cleared the defendant of that charge, the defendant suffered no wrong.

The exceptions are overruled, and it is the judgment of this Court that the judgment of the lower Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.